DOWNER v. CARPENTER, appellant

*Payment — authority of collecting agent to extend time of.*

Plaintiffs instructed their collecting agent not to take notes from debtors on settlement of accounts, without first sending them to plaintiffs for approval. The agent received from defendant, who was indebted to plaintiffs, a time note in settlement, which plaintiffs refused to approve. In an action on the account previously commenced, *held*, that the taking of the note had no legal effect on the original demand.

APPEAL from a judgment for the plaintiff entered upon the report of a referee.

The action was brought in Oneida county by Edward F. Downer and Leroy F. Shepard against Alexis C. Carpenter and John Baird, to recover the amount of a bill of goods sold and delivered to the defendants.

The defendants, by their answer, denied any indebtedness, and alleged that on the 1st of February, 1872, they settled and accounted with the plaintiffs, and an indebtedness of $132.50 being ascertained, they gave their promissory note for that sum payable in two months, with interest, which was accepted and received by the plaintiffs, and the time for the payment of their demand was, in consideration of said note, extended until the maturity of said note, and that said note had not yet become due and payable.

The referee found, among other things, that on the 1st of February, 1872, the plaintiffs had in their employ one David Gormly, he being what is known as a traveling agent, and his business being to travel through various sections of the State to solicit orders for goods on behalf of the plaintiffs, and to collect outstanding bills which were furnished to him by the plaintiffs for that purpose. He had special instructions to collect in cash, and whenever he took notes from debtors of the plaintiffs for accounts due, he was in every instance to send the note to the plaintiffs for their approval. That on the day last mentioned Gormly called on the defendants and presented the account of the plaintiffs against them, with which he had been furnished, and requested payment. The defendants proposed to give their note for the amount, payable in sixty days. Gormly assented to this, and a blank note was accordingly filled up for the sum of $134, payable in two months, and signed by one of the defendants in the firm name and delivered to Gormly, who received the same, as he stated, in settlement of the account, but neither gave any receipt for the account, nor for the note as being taken in settlement of the account. Gormly sent the note to the plaintiffs, who returned the same to the makers by mail, stating that Gormly had no authority to extend the time of payment. They had previously commenced this action upon the account. The referee also found that the defendants had no knowledge or information of the instructions given by the plaintiffs to Gormly that notes taken by him were to be subject to their approval before being accepted in payment of accounts.

The referee reported in favor of plaintiffs.

Coleman v. People.

*Vary & Stone,* for appellants.

*Lewis H. Babcock,* for respondents.

GILBERT, J.   The referee finds that the authority of Gormly, the agent, did not empower him to take the note so as to extend the time of payment, without the approval of the plaintiffs, and that the plaintiffs refused to approve.   There is evidence sufficient to sustain these findings, and as the case does not show that all the evidence is set forth, we cannot review the findings.

The taking of the note, therefore, had no legal effect on the original demand.   If the defendants had sustained any loss in consequence of the agent's act, in excess of his authority, they might have been protected, upon the principle that where the agent's act was within the general scope of his employment, but in excess thereof, the principal is responsible to a third person, who, having rightfully believed the agent was acting within his authority, would sustain a loss if the act were not considered the act of the principal. But this rule is applicable only where the question is, which of two innocent parties ought to bear a loss resulting from the agent's misconduct.

The judgment must be affirmed.

*Judgment affirmed.*